IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-318-D(02) |
| VS. | § | |
| | § | |
| GOMESINDO MENDEZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Gomesindo Mendez ("Mendez") has filed February 5, 2010 motions for discovery and inspection and for severance. Plaintiff United States of America (the "government") has not responded to the motions.[1]  The court addresses the motions in this memorandum opinion and order.

I

*Motion for Discovery and Inspection*

In his motion for discovery and inspection of evidence, Mendez seeks disclosure of 20 categories (some categories contain subcategories) of information.

A

*Statements*

In category no. 1, Mendez moves the court to order the government to produce all copies, transcripts, summaries, and/or

---

[1]The government probably did not respond because it anticipated that Mendez would enter a guilty plea.  In fact, a plea agreement and factual resume concerning Mendez were filed on March 1, 2010, and were only recently withdrawn on June 11, 2010.

government reports or notes of any written or recorded statements made by Mendez; the substance of any statements made by Mendez that the government intends to offer into evidence at trial; any response by Mendez to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mendez's oral statements contained in handwritten notes of any government agent; any response to any *Miranda* warnings that may have been given to Mendez; and any other statements by Mendez that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

The court grants the motion to the extent disclosure is required by a provision of Rule 16 (including Rule 16(a)(1)(A) or (B)), *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), and it otherwise denies the motion.

B

*Arrest Reports, Notes, and Dispatch Tapes*

In category no. 2, Mendez moves the court to compel the government to produce all arrest reports, notes, and dispatch or other tapes that relate to the circumstances surrounding his arrest or any questioning, including, but not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of Mendez or any other discoverable material are contained. He also moves the court to compel disclosure of arrest reports, investigator's notes, memos from arresting officers,

- 2 -

dispatch tapes, sworn statements, and prosecution reports about him.  Mendez also requests that the government be required to preserve rough notes, regardless whether the government deems them to be discoverable.

The court grants the motion to the extent disclosure is required by a provision of Rule 16, Rule 26.2, *Brady*, or *Giglio*, and it otherwise denies the motion.  The court also grants Mendez's request that the government be required to preserve rough notes, even if such notes are not disclosed to Mendez.

C

*Reports of Scientific Tests or Examinations*

In category no. 3, Mendez moves the court to compel the government to produce reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint analysis and handwriting analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the presentation of the defense or that are intended for use by the government as evidence-in-chief at trial.

The court grants the motion to the extent disclosure is required by Rule 16(a)(1)(F), *Brady*, or *Giglio*, and it otherwise denies the motion.

- 3 -

D

*Prior Record*

In category no. 4, Mendez moves the court to compel the government to produce a copy of his prior criminal record within its possession, custody, or control.

The court grants the motion to the extent disclosure is required by Rule 16(a)(1)(D), *Brady*, or *Giglio*, and it otherwise denies the motion.

E

Brady *Material*

Martinez moves the court to compel the government to produce all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt or that affect the credibility of the government's case.

The court grants the motion to the extent disclosure is required by *Brady* or *Giglio*, and it otherwise denies the motion.

F

*Evidence Seized*

In category no. 6, Mendez moves the court to compel the government to produce evidence seized because of any search, either warrantless or with a warrant, that is discoverable under Rule 16(a)(1)(C).[2]

---

[2]At various points in his motion, including here, Mendez cites a provision of Rule 16 that has been redesignated by a rule revision. Rule 16(a)(1)(C), for instance, applies to a defendant

The court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*, and it otherwise denies the motion.

G

*Request for Preservation of Evidence*

In category no. 7, Mendez moves the court to compel the government to preserve all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case.

The court grants the motion to the extent that it orders the government to preserve such materials that are in its care, custody, or control, and it otherwise denies the motion.

H

*Tangible Objects*

In category no. 8, Mendez requests the opportunity to inspect, copy, or test, if necessary, all other documents and tangible objects, including contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies or depictions, or portions thereof, that are material to the defense or are intended to be used in the government's case-in-chief or that were obtained from or belong to Mendez.

---

that is an organization.

- 5 -

The court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*, and it otherwise denies the motion.

I

*Information Regarding Informants*
*and Cooperating Witnesses*

In category no. 9, Mendez moves the court to compel the government to provide him all relevant information concerning any informants or cooperating witnesses involved in this case, including, at a minimum, the identity and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to him.

If the government has used informants in the investigation of this case, the court will apply the balancing test that governs disclosure of an informant's identity. The public's interest in protecting the free flow of information and the informants' safety and security must be weighed against the defendant's right to prepare a defense. *Roviaro v. United States*, 353 U.S. 53, 62 (1957). The privilege against disclosing informants is limited when it is unfair to the defendant. If the information will not reveal the identity of an informant, or the informant's identity is relevant to the defense of the accused, the privilege must give way. *Id.* at 60-61.

The Fifth Circuit has established a three-prong test to determine the applicability of the informant's privilege. *See*

- 6 -

*United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir. 1987).   First, the court must consider the extent of the informant's involvement in the criminal activity.   *Id.*   If, for example, the informant was an essential participant in the crime and could provide testimony as to a material issue in the case, disclosure should be compelled.   Second, the court must evaluate the extent to which disclosure is relevant and helpful to the defense of the accused.   "[M]ere conjecture or supposition about the possible relevancy of the informant's testimony" is insufficient to compel disclosure.   *Id.* (*quoting United States v. Gonzalez*, 606 F.2d 70, 75 (5th Cir. 1979)).   Third, the court must weigh the government's interest in preserving the informant's anonymity.   The informant's personal safety and future usefulness to authorities are the main criteria that the court must consider. *Id.*

Pursuant to *De Los Santos*, the court will conduct *in camera* review of a government written submission addressing the three-part test.   The government must either submit in writing that no informant is involved in this case or must disclose *ex parte* to the court a list of any informants and address its response for nondisclosure.   The government must comply with this disclosure requirement by the deadline set forth *infra* at § II.   The government is not excused, of course, from complying with its obligations under *Brady* and *Giglio* and with all requirements that

apply should an informant be used as a trial witness.

To the extent Mendez seeks relief in category no. 9 that is greater than what the court has granted, his motion is denied.

J

### *Evidence of Bias or Motive to Lie*

In category no. 10, Mendez moves the court to compel the government to provide him evidence that any prospective witness is biased or prejudiced against him or has any other motive to falsify or distort his testimony.

The court grants the motion to the extent disclosure is required by *Brady* or *Giglio*, and it otherwise denies the motion.

K

### *Impeachment Evidence*

In category no. 11, Mendez moves the court to compel the government to disclose evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any such witness has made a statement favorable to Mendez.  He states that his request includes, but is not limited to, 22 categories of information (some categories are further divided into subcategories).

The court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*, and it otherwise denies the motion.

L

### Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling

In category no. 12, Mendez moves the court to compel the government to disclose any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substances or has been an alcoholic.

The court grants the motion to the extent disclosure is required by *Brady* or *Giglio*, and it otherwise denies the motion.

M

### Names of Witnesses Favorable to Defendant

In category no. 13, Mendez moves the court to compel the government to disclose the name of any witness who has made an arguably favorable statement concerning him.

The court grants the motion to the extent disclosure is required by *Brady* or *Giglio*, and it otherwise denies the motion.

N

### Statements Relevant to the Defense

In category no. 14, Mendez moves the court to compel the government to disclose any statement that may be relevant to any possible defense or contention that Mendez might assert, including, in particular, any statements by percipient witnesses.

- 9 -

The court grants the motion to the extent disclosure is required by a provision of Rule 16, Rule 26.2, *Brady*, or *Giglio*, and it otherwise denies the motion.

O

*Jencks Act Material*

In category no. 15, Mendez moves the court to compel the government to disclose pretrial any statements that must be disclosed under the Jencks Act, 18 U.S.C. § 3500, or Rule 26.2. The court denies the motion except to the extent that statements covered by the Jencks Act or Rule 26.2 must be disclosed in accordance with § II of this memorandum opinion and order.

The Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective government witnesses. *See* Rule 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]."); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) ("[T]he Jencks Act explicitly provides that statements of witnesses, or prospective witnesses, including coconspirators, are not discoverable until after the witness testifies[.]"). And Rule 26.2 applies after a witness has testified on direct examination. *See* Rule 26.2(a) (providing that rule applies "[a]fter a witness other than the defendant has testified on direct examination").

Therefore, the court denies the motion except to the extent

that statements covered by the Jencks Act or Rule 26.2 must be disclosed in accordance with § II of this memorandum opinion and order.

P

Giglio *Information*

In category no. 16, Mendez moves the court to compel the government to disclose all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

The court grants the motion to the extent disclosure is required by *Brady* or *Giglio*, and it otherwise denies the motion.

Q

*Expert Witness Information*

In category no. 17, Mendez moves the court to compel the government to disclose the identities, qualifications, and testimony of any expert witness whom the government intends to call at trial.

The court grants the motion to the extent disclosure is required by a provision of Rule 16(a)(1)(G), *Brady*, or *Giglio*, and it otherwise denies the motion.

R

*Statements of Individuals Who Will*
*or Will Not be Witnesses*

In category no. 18, Mendez moves the court to compel the government to produce any statements, whether written, oral, or video or audio recorded, of percipient witnesses or individuals who may have information relevant to the case whom the government does not intend to call as a witness at trial.

The court grants the motion to the extent disclosure is required by *Brady* or *Giglio*, and it otherwise denies the motion.

S

*Government Communications*

In category no. 19, Mendez moves the court to compel the government to disclose whether any government agent, informer, or anyone else acting at the direction of the government has communicated with him since the commencement of the adversarial proceedings against him, the identity of such individuals, and the details surrounding the circumstances of such communications as well as the statements made by both Mendez and the government agent.

The court grants the motion to the extent disclosure is required by a provision of Rule 16(a)(1)(A) or (B), *Brady*, or *Giglio*, and it otherwise denies the motion.

T

*Other Crimes Evidence*

In category no. 20, Mendez moves the court under Fed. R. Evid. 404(b) to compel the government to disclose all evidence of other crimes that the government intends to introduce at trial. The court grants the motion and directs that the government make the disclosure required by Rule 404(b) no later than the deadline specified *infra* at § II.

II

Except to the extent the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than June 21, 2010 at noon with its disclosure and discovery obligations imposed by this memorandum opinion and order. Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Mendez will begin his cross-examination of a witness.

III

*Motion for Severance*

Mendez moves for severance under Rule 14, contending that he will present a defense that is inconsistent with those of his codefendants. The court denies the motion without prejudice. One codefendant has pleaded guilty, and counsel for the other codefendant has advised the court that the parties are finalizing

the terms of a guilty plea.  Because it appears that Mendez is the only defendant who will be going to trial, his motion for severance is denied without prejudice as moot.

       **SO ORDERED.**

       June 14, 2010.


                           SIDNEY A. FITZWATER
                           CHIEF JUDGE